The Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH JIMENEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., d/b/a WALMART #4137, and J. Does 1-10,<br><br>Defendant. | NO. 3:22-cv-05585-BAT<br><br>WALMART INC.'S MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR: Friday, February 3, 2023 |

## I. RELIEF REQUESTED

Defendant WALMART INC. ("Walmart") seeks dismissal on summary judgment in a case where Plaintiff JOSEPH JIMENEZ ("Plaintiff") claims to have slipped and fallen as a result of rainwater on the ground that was brought into the store by shopping carts and customers, and was demarcated by bright orange and yellow caution cones, indicating the potential presence of liquid on the ground.

## II. STATEMENT OF FACTS

### 1. Underlying Incident/Plaintiff's Allegations

This case arises out of a slip-and-fall incident at a Walmart store located at 1965 S. Union Ave, Tacoma, Washington, on December 19, 2019 ("Tacoma Walmart") (the "incident"). *See* Declaration of Eddy Silverman, Esq., attached hereto as **Exhibit A**; *see also*



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

*generally* Complaint for Damages, Dkt. #1 (Exhibit B to Walmart's Notice of Removal) [hereinafter "Complaint"/"Compl."]. Plaintiff is alleging, specifically, that he slipped and fell on water while entering the Tacoma Walmart. *See* Compl.

The incident happened in the vestibule of the Tacoma Walmart, on a day where it had been raining outside. *See* Compl.; *see also generally* post-incident photos, attached hereto as **Exhibit B**; *see also* surveillance video, produced separately/identifiable as **Exhibit C** hereto. At the time of the incident, several traction mats were in place on the ground, and three bright orange and bright yellow wet-floor caution signs were present to warn of potential rainwater tracked inside by shopping carts, umbrellas, and customers. *See* Exs. B, C. Despite the presence of these mat-safeguards and brightly-colored warning signs, Plaintiff (a) entered the vestibule (through the exit doors), (b) walked *off* the exit-side traction mat, (c) then directly by **two** bright orange wet floor caution cones, *and* (d) a bright yellow A-frame warning sign, where he (e) proceeded to slip and fall while reaching for a shopping cart. *See id.* At the time of the incident, both of the bright orange warning cones were placed on top of posts and stood approximately three or four feet off of the ground.

Surveillance video footage shows that Plaintiff walked between two of the wet-floor caution markers—between a bright orange cone and a bright yellow A-frame sign—and stepped within just a few inches of the bright yellow floor sign before slipping.[1]






[1] *See* Ex. C (the above images are the same; the second is merely "zoomed in").

## III. STATEMENT OF ISSUES

Whether the Court should grant summary judgment in favor of Walmart in a case where Plaintiff is seeking relief for allegedly slipping and falling on rainwater on the ground after having walked by, and between, multiple bright orange and yellow wet-floor caution markers, such that Plaintiff was adequately warned of the alleged hazard at issue.

## IV. EVIDENCE RELIED UPON

This motion is based upon the records and pleadings on file with the Court, as well as the Declaration of Eddy Silverman, Esq., attached hereto as Exhibit A.

## V. LEGAL AUTHORITY

### A. Standard: Motion for Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FRCP 56. The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). There is no "genuine" issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

### B. Walmart Discharged Its Duty To Plaintiff By Successfully Warning Him Of The Condition He Claims Caused His Injury

For negligence claims based on premises liability, Washington has adopted the standards set forth in the Restatement (Second) of Torts, Sections 343 and 343A (1965), which deal with a landowner's liability to invitees. *Charlton v. Toys R Us—Delaware, Inc.,* 158



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

Wash. App. 906, 912-913 (Wash. Ct. App. 2010). Section 343 of the Restatement (Second) provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) Knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) Should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) Fails to exercise reasonable care to protect them against the danger

RESTATEMENT (SECOND) OF TORTS § 343 (1965).

Subsection (a) above is referred to informally in Washington and elsewhere as "the notice requirement"; a landowner cannot be held liable for injuries resulting from dangerous conditions on his or her premises regarding which the landowner [1] has no actual knowledge, or [2] *could not have obtained* such knowledge "in the exercise of reasonable care." The latter type of notice can be referred to even more specifically as *constructive* notice ("should have known"). How Washington Courts define constructive notice is <u>the crucial part</u> of the Court's present analysis, with respect to the dispositive issue before it, for the reasons that follow.

The Supreme Court of Washington, in *Ingersoll v. DeBartolo, Inc.*, 123 Wash. 2d 649 (1994) (en banc), defined constructive notice as follows:

> Constructive notice arises where the condition "has existed for such time as would have afforded [the proprietor] sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger." The plaintiff must establish that the defendant had, or should have had, knowledge of the dangerous condition <u>in time to [a] remedy the situation before the injury</u> <u>***or*** **[b] to warn the plaintiff of the danger**</u>.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

*Ingersoll*, 123 Wash. 2d at 652 (emphasis added).

Walmart submits that this definition of constructive notice is "the crucial part" of the dispositive inquiry in this case because in *Ingersoll* et al., Washington Courts made clear that either (a) "remedying" a potentially hazardous condition or (b) warning an invitee of the condition discharges a proprietor's duty. *See Stimus v. Hagstrom*, 88 Wash. App. 286, 293 (Wash. Ct. App. 1997) (finding that Section 343 of the Restatement (Second) of Torts "implies that the possessor of the property will take reasonable care to ascertain the actual condition of the premises and will either [a] make it reasonably safe or give a warning of the condition and its risks") (citing RESTATEMENT (SECOND) § 343 cmt. d).

1. Walmart Successfully and Adequately Warned Plaintiff

Surveillance video footage shows two bright orange caution cones, as well as a bright yellow caution floor sign, all displaying the words "Wet Floor" and "Caution," and depicting a person slipping and falling. *See* Exs. B, C. These signs were conspicuously placed in the vestibule of the store in order to warn visitors of the potential presence of rainwater on the ground that had been tracked inside by shopping carts, customers, umbrellas, and other means. On these facts, Walmart is entitled to summary judgment.

Discharge of duty to keep premises safe via adequate warning [as opposed to outright hazard-elimination] is discussed most comprehensively and clearly in the directly-on-point, persuasive decisions of other jurisdictions' Courts.[2] *But see Helm v. Lowe's Home Ctrs., LLC*, 2017 WL 2081077 (W.D. Wash. 2017) (granting summary judgment to Lowe's where plaintiff slipped/tripped *on* a warning cone—notably, even where Lowe's "was unable to provide a factually similar Washington authority"); *see also infra* Part V.B.2 (explicating *Helm*).

[2] As already discussed, however, this concept, borne out of the Restatement (Second), has been discussed, adopted, and embraced by Washington Courts. *See, e.g.*, Section V.B supra. The fact remains, however, that at the present time, full explication of this concept is more prevalent in other jurisdictions.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

In one such persuasive case, *Golden Corral Corp. v. Trigg*, 443 S.W. 3d 515 (Tex. Ct. App. 2014) [hereinafter *Trigg*], the court reversed and rendered judgment in favor of Golden Corral, finding that it had warned of the wet floor at issue and that the warning was adequate to discharge its duty. Notably, the plaintiff did not contest that the sign was present, but argued that the sign should have been placed where her foot slipped, and that the placement of the sign several feet from where she fell allowed the jury to reasonably conclude that Golden Corral's warning was inadequate. *Id.* at 518. The Texas Court of Appeals was not convinced, noting that, like in Washington, premises owners and occupiers owe a duty to keep their premises safe against known condition that pose unreasonable risks, but holding that this duty is discharged by warning the invitee. *Id.* (internal citations omitted).

In *Rowell v. Hollywood Casino Shreveport*, 996 So.2d 476 (La. Ct. App. 2008), the Louisiana Court of Appeals reached a similar result on similar facts. In that case, the Court affirmed summary judgment in favor of Hollywood Casino after noting that photographs of the scene of the accident clearly showed a yellow caution cone "in close proximity" to where the plaintiff fell. *Id.* at 479; *see also Eure v. Kroger Ltd. P'ship I*, 2012 WL 896347 (W.D. Va. 2012) (granting defendant-store's motion for summary judgment where the store placed a yellow warning cone "in the middle of the spill area," which "was all that ordinary care required of Kroger as a premises owner").

In *Pelland v. Wal-Mart Stores, Inc.*, 282 F. Supp. 3d 1019 (N.D. Ohio), the United States District Court for the Northern District of Ohio granted summary judgment in favor of Walmart, the same store-defendant as in the present case, where it was "undisputed that Wal-Mart placed two warning cones within a short distance of the spill[.]" *Id.* at 1026. The evidence in the case revealed that, at the time of her fall, two orange caution cones were "a few feet" in front of the plaintiff as she walked "toward the caution cones," before subsequently falling after having then passed the cones. *Id.* at 1024. The Court held that "[f]aced with this



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

undisputed evidence, a reasonable jury could conclude only that Wal-Mart fulfilled its obligation to warn Pelland that the area near register 10 was wet and hazardous." *Id.*; *C.f. Lapczynski v. Walmart Stores, Inc.*, 761 Fed. App. 530 (6th Cir. 2019) (granting summary judgment to Walmart in a slip-and-fall case where orange caution cones displayed rendered the risk of slipping on water on Walmart's tile floor "open and obvious").

In *Foreman v. Circle K Stores, Inc.*, 766 Fed.Appx.165 (5th Cir. 2019), the Louisiana Court of Appeals affirmed the District Court's holding and notably concluded that Circle K had sufficiently exercised reasonable care, regardless of whether it could be established that the plaintiff actually saw the wet-floor caution signs. *Id*. At 168. In that case, video evidence showed that the plaintiff had walked past "at least three warning signs" before her fall. *Id*. The plaintiff argued that "[w]hat is important and what is not easily or readily determinative from the video is if the plaintiff actually saw the wet floor sign[.]" *Id*. The court rebuffed that argument, however, stating that it has been explained in similar cases "that such an argument is off-point." *Id*; *see also Turner v. Brookshire Grocery Co.*, 785 So.2d 161, 165 (La. Ct. App. 2001) ("[d]espite the fact that [the plaintiff] denied seeing any warning signs or cones, she had multiple opportunities to observe the warning sign or cone upon entering and exiting through the corridor"). Ultimately, the court held that Circle K had exercised reasonable care by placing multiple warning signs, and that "Circle K did not act negligently, regardless whether Foreman saw the signage." *Id*.

The above survey of how other Courts rule when faced with similar facts supports that <u>warning</u> of a potentially dangerous condition discharges the premises owner's duty to invitees to keep premises reasonably safe, and that placing caution cones within a "close proximity" or "short distance" of a potentially hazardous condition constitutes adequate warning. Additionally, the above cases support summary judgment when caution cones are clearly placed in close proximity to where the plaintiff fell, *regardless of whether the plaintiff admits*



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

*to ever seeing the cones*, simply based on the objective placement and adequacy of the cone-placement. So, "faced with this undisputed evidence," like in *Pelland*, a reasonable jury in this case could reach only one conclusion: that Walmart fulfilled its obligation to Plaintiff, and it is for this and the other reasons discussed herein that summary judgment is proper in this case.

C. <u>Walmart Is Not Liable To Plaintiff For Physical Harm Caused To Him By A Condition On Land Whose Danger Was Known And/Or Obvious To Him</u>

Section 343A of the Restatement (Second) of Torts holds that a possessor of land is not liable to his invitees for physical harm caused to them by a condition on the land whose dangers is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. RESTATEMENT (SECOND) OF TORTS §343A(1). Such reason to "anticipate" harm even from known or obvious dangers may arise where, for example, the possessor has reason to expect that the invitee's attention may be distracted, so that she will not discover what is obvious. *Id.*, cmt. f. Incidentally, the remedy in a still-anticipated-harm situation is, typically, to warn the invitee (which was done successfully in this matter). *See id.*

Although a land possessor is under a duty to his invitees, he is not ordinarily found negligent for injuries to those from conditions that are open and obvious. *Nowlan v. U.S.*, 73 F.3d 370 (9th Cir. 1995); *see also Kamla v. Space Needle Corp.*, 147 Wash. 2d 114, 127 (2002) (en banc) (affirming trial court's dismissal on summary judgment grounded on finding that "the defendant is not liable for plaintiff's failure to avoid an open, obvious potential hazard about which he was aware and warned."); *Miller v. Shaner Hotel Group Ltd. Partnership*, 999 F.Supp.2d 1298, 1305 (S.D. Ga. 2014) (citing *Sunlink Health Systems, Inc. v. Pettigrew*, 649 S.E.2d 532, 534 in stating that "[p]laintiffs in rainy day slip and fall cases are charged with equal knowledge that water is apt to be found in any area frequented by people coming in from the rain outside."). Conditions that might not otherwise be "open and obvious" can and do become so when invitees are warned about those conditions, and become "knowledgeable"



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

about them. *See, e.g., Lapczynski*, supra (concluding that the risk of slipping on water was open and obvious by virtue of the placement of orange warning cones).

The United States District Court for the Western District of Washington, in *Powers v. Walmart*, 2019 WL 7037396 (W.D. Wash. Dec. 20, 2019), granted summary judgment in favor of Walmart, the same store-defendant as in the present case, referencing similar incidents, and stating that courts have noted that the "presence of caution cones suggests that the risk of slipping is open and obvious." *Id*. at 1; *see* Order Granting Walmart's Motion for Summary Judgment, attached hereto as **Exhibit D**. After acknowledging that it was "undisputed that Walmart placed the bright orange cone adjacent" to the hazard, the court concluded that "[v]iewing the evidence in the light most favorable to the Plaintiff, … the condition of the floor where she fell was an open and obvious danger." *Id*.

In the instance at hand, besides walking onto and over traction floormats that had been placed in the vestibule, post-incident photos make clear that at least three separate brightly colored wet-floor caution markers were present in the vestibule of the store to warn of the conditions in that area, given the rainy conditions outside. *See* Ex. B. These same images show that Plaintiff actually walked *between* one of the bright orange caution cones and a bright yellow caution floor sign—within only several inches of the bright yellow caution floor sign. *See id.* The potential risks that rainy conditions create is not only common knowledge, but, as noted in *Powers,* the presence of the "caution cones suggests that the risk of slipping [was] open and obvious."[3]

---

[3] Plaintiff may try to argue that Walmart had some sort of heightened duty to him under the circumstances and/or that Walmart should have done more "in anticipation of harm" despite the obviousness of the condition at issue; however, as alluded to above, the typical remedy in a still-anticipated-harm situation is a warning. *See, e.g., Lapczynski*, supra (concluding that the risk of slipping on water was open and obvious by virtue of the placement of orange warning cones). And so, any argument that Walmart "should have done more" is unavailing. Accordingly, under Restatement (Second) of Torts § 343A, Walmart is not liable to Plaintiff for physical harm caused to him by a condition on land whose dangers was known and/or obvious to him.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

D. Whether Or Not There Was Still Foreign Material On The Ground Is Immaterial To The Dispositive Issue

Plaintiff can and may quibble about continuous presence of rainwater on the ground in the vestibule—Plaintiff will try to draw the focus of the summary judgment argument there, but this is wrong and misleading, and so it is important that the Court mind the distinction between (a) remedying versus (b) warning in the context of potentially or allegedly dangerous conditions—two separate ways to discharge duty. Focus on the former misses the heart of the dispositive issue that is the basis of Walmart's Motion for Summary Judgment.

Washington cases make clear that there are not one but *two* avenues available to a premises owner to discharge his or her duty to invitees where there is a dangerous condition on the premises: (1) remedy the dangerous condition, i.e. remove it, *or* (2) warn the invitee that the potentially dangerous condition exists. *See, e.g., Tincani v. Inland Empire Zoological Soc.*, 124 Wash. 2d 121, 138–40 (1994) (en banc) (discussing landowner's duties to warn invitees, and referring to alternative responsibilities, grounded in the restatement, "to [a] warn of, or [b] make safe a known or obvious danger"). As discussed previously, Walmart's use and placement of multiple bright orange and yellow wet-floor caution signs warned invitees that a condition existed.

E. "Mere Presence Of Water On The Floor" Not Enough To Prove Dangerous Condition

Plaintiff may also protest that the presence of rainwater made the ground "dangerously slippery," but similarly, this contention would be insufficient.

> [W]ashington cases make it clear that the mere presence of water on a floor where the plaintiff slipped is not enough to prove negligence on the part of the owner or occupier of the building. To prove negligence, the plaintiff must prove [1] that the water makes the floor dangerously slippery and [2] that the owner knew or should have known both [a] that water would make the floor slippery and [b] that there was water on the floor at the time plaintiff slipped.

*Charlton v. Toys R Us—Delaware, Inc.,* 158 Wash. App. 906, 915 (Wash. Ct. App. 2010) (dismissing case where plaintiff failed to present any evidence that floor in the entryway of a



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

Toys R Us store presented an unreasonable risk of harm when wet) (citing *Kangley v. United States*, 788 F.2d 533, 534–35 (9th Cir. 1986)); *see also Merrick v. Sears, Roebuck & Co.*, 67 Wash. 2d 426, 429 (1965) ("Negligence cannot be inferred from the fall alone, nor from mere dampness or wetness where it is to be expected in some degree.").

"In almost every case" in which a Washington Court has determined that a proprietor breached its duty to maintain premises in a safe condition causing a slip-and-fall, "there has…been some foreign substance other than water on the floor." *Brant v. Market Basket Stores, Inc.*, 72 Wash.2d 446, 449 (1967); *see also id.* ("We seem to have had but two 'water on the floor' cases."). The "mere presence" of water, and water only, on a floor "is not enough" to prove negligence in Washington State. 158 Wash. App. 906, 915; *see also Burdette v. Steadfast Commons II, Inc.*, 2013 WL 127610, 2 ("A wet floor itself does not establish the existence of a dangerous condition… [a]nd a dangerous condition cannot be inferred from the fact that the plaintiff fell"). Similar to the plaintiff *Brant*, where it was inferred that snow tracked inside by customers from outside led to the plaintiff's fall, Plaintiff has "proven no more than that [he] slipped and fell on a wet floor." 72 Wash.2d at 451; *see also Yamada v. Earl's Restaurant (Bellevue), Inc.*, 2022 WL 2915539, 2 ("Under Washington case law, the mere presence of some level of water on a floor and the fact of a slip are insufficient on their own to establish the existence of an unsafe condition"); *Ortega v. Kmart Corp.*, 36 P.3d 11, 15 (Cal. 2001) (Noting that "speculation or conjecture" of a dangerous condition does not satisfy the required burden).

## VI. CONCLUSION

Plaintiff in this case walked into Walmart and immediately stepped off of traction floormats set out to help ensure the safety of people walking into the store, then walked by and



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

between at least three separate bright wet-floor caution signs, placed by Walmart to warn of potentially hazardous conditions, then fell victim to the condition the warning was designed to guard against. In light of these undisputed facts, a reasonable jury could only conclude that it was Plaintiff's failure to exercise reasonable care, and not any such breach by Walmart, that proximately caused Plaintiff's fall and allegedly resulting damages. These facts are not merely the basis for comparative negligence in a case like this; they establish, as a matter of law, that Walmart effectively and undisputedly discharged its duty to Plaintiff as defined in the Restatement (Second), and under Washington law, to remedy a hazard *or* warn of it. Based on and in light of the foregoing, Walmart respectfully requests that this Court grant Walmart's Motion for Summary Judgment.

DATED this 12th day of January 2023.

s/Eddy Silverman
Eddy Silverman, WSBA # 53494
Attorneys for Defendant
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
esilverman@williamskastner.com

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury that, on the date indicated below, they caused service of a true and correct copy of the foregoing to be served in the manner indicated:

| | |
|---|---|
| WATTEL & YORK<br>Zach J. Hansen, WSBA #41827<br>6314 19th Street, Suite 15<br>Fircrest, WA 98466-6223<br>Phone: (253) 471-1075<br>Fax: (253) 471-1077<br>Email: z.hansen@wattelandyork.com<br>***Counsel for Plaintiff*** | Via CM/ECF and Email |

DATED this 12th day of January 2023

*s/ Ryan McDade*
Ryan McDade, Legal Assistant
rmcdade@williamskastner.com