# Exhibit D

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARCELIA H. POWERS,

Plaintiff,

v.

WALMART, INC., a foreign corporation, dba MT. VERNON WALMART, Store #2596,

Defendant.

Case No. 2:18-cv-01883-RAJ

**ORDER GRANTING WALMART'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This matter is before the Court on the motion for summary judgment filed by Defendant Walmart Inc. ("Walmart"). For the reasons below, the Court **GRANTS** the motion.

## II. BACKGROUND

This case arises out of a September 2017 slip-and-fall incident occurring at a Walmart store located in Mt. Vernon, Washington. The incident happened in the self-checkout area where another customer had just spilled baby food. The Walmart associate responsible for the area placed a bright orange cone next to the spill and proceeded to clean it, first sweeping the area and then covering the floor with paper towels. Dkt. # 14 at 00:56:39-58:52. One minute later, Plaintiff walked into the area and fell one foot from where the paper towel was placed. *Id.* at 01:00:08. In her deposition, Plaintiff testified to seeing the cone and understood that it was in place to denote the presence of "something

on the floor." Dkt. # 12 at 34; Dkt. # 13 at 40. She also testified that did not look at the floor as she approached the area. Dkt. # 12 at 37; Dkt. # 13 at 40.

On December 28, 2018, Plaintiff filed a personal injury lawsuit against Walmart stemming from the slip-and-fall incident. Dkt. # 1-1. Walmart properly removed the case to this Court. Dkt. # 1. On October 23, 2019, Walmart filed a motion for summary judgment. Plaintiff responded on November 11, 2019 and Walmart filed its reply on November 15, 2019.

## III. DISCUSSION

In a negligence action, the plaintiff must prove the existence of a duty, breach of that duty, resulting injury, and proximate cause. *Tincani v. Inland Empire Zoological Soc'y*, 875 P.2d 621 (1994). "Negligence is generally a question of fact for the jury, and should be decided as a matter of law only 'in the clearest of cases and when reasonable minds could not have differed in their interpretation' of the facts." *Bodin v. City of Stanwood*, 927 P.2d 240 (1996) (quoting *Young v. Caravan Corp.*, 672 P.2d 1267 (1983)). For negligence claims based on premises liability, Washington has adopted the standards set forth in the Restatement (Second) of Torts sections 343 and 343A (1965), dealing with a landowner's liability to invitees. *Iwai v. State*, 915 P.2d 1089 (1996). Restatement, section 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965).

The slip-and-fall incident in this case was caught on surveillance and the material facts are not in dispute. Specifically, it is undisputed that Walmart placed the bright orange

cone adjacent to the spill and that Plaintiff saw the bright orange cone before falling no more than two feet away. Courts addressing similar incidents have noted that the presence of caution cones suggests that the risk of slipping is open and obvious. *Finazzo v. Speedway LLC*, No. 11–CV–14770, 2012 WL 3966371, at *3 (E.D. Mich. Sep. 11, 2012); *see also Helm v. Lowe's Home Centers, LLC*, Case No. C16-5823 BHS, 2017 WL 2081077, at *3 (W.D. Wash. May 15, 2017) (finding bright yellow cone to be "an open and obvious warning marker"). Additionally, Plaintiff acknowledged that she understood the cone was in place to denote the presence of "something on the floor." Dkt. # 12 at 34. Viewing the evidence in the light most favorable to Plaintiff, the Court finds that the condition of the floor where she fell was an open and obvious danger.

For Plaintiff to have her claim survive, she must come forth with sufficient evidence to create a genuine issue of material fact regarding whether Walmart "should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A, comment f (1965)). That burden has not been met here. The surveillance video shows several other patrons safely entering the area after the spill had been cleared and the orange cone was put in place. Dkt. # 14 at 00:56:39-01:00:59. The evidence presented by Plaintiff fails to raise a factual dispute over whether Walmart should have otherwise anticipated the actual danger of falling. Accordingly, the Court concludes that Walmart did not breach a duty of care to Plaintiff and her claim must be dismissed.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Walmart's motion. Dkt. # 12.

DATED this 20th day of December, 2019.

The Honorable Richard A. Jones
United States District Judge