UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH JIMENEZ,<br><br>                Plaintiff,<br><br>   v.<br><br>WALMART INC., a foreign corporation,<br>d/b/a WALMART #4137 and J. DOES 1-10,<br><br>                Defendants. | CASE NO. 3:22-cv-05585-BAT<br><br>**ORDER DENYING WALMART INC.'S MOTION FOR SUMMARY JUDGMENT** |

       Defendant Walmart Inc. ("Walmart") moves for summary judgment dismissal pursuant to Fed. R. Civ. P. 56, of Plaintiff Joseph Jimenez's claim of negligence arising from a slip and fall at Walmart's Union Avenue store in Tacoma ("Tacoma Walmart"). Dkt. 13. Plaintiff opposes the motion and requested oral argument. Dkt. 16. Walmart filed a reply. Dkt. 20.

       Having carefully reviewed the parties' briefing, summary judgment evidence, and balance of the record, the Court has determined the motion can be decided without oral argument. For the reasons stated below, the Court denies the motion.

STATEMENT OF FACTS

       On December 19, 2019, Plaintiff slipped and fell in the vestibule at the Tacoma Walmart. It was a rainy day and sometime before Plaintiff's fall, Walmart employees had placed several traction mats and two bright orange and one bright yellow wet-floor caution signs in the vestibule. Dkt. 14, Ex. B (Post-Incident Photos); Ex. C (Walmart Surveillance Video). The bright orange cones were placed on top of posts and stood approximately three feet off the ground. *Id.*

ORDER DENYING WALMART INC.'S
MOTION FOR SUMMARY JUDGMENT - 1

Plaintiff has shopped at the Tacoma Walmart for years at least once every month. Dkt. 19, ¶ 1. At approximately 7:30 PM on December 19th, Plaintiff and his girlfriend entered the vestibule area of the Tacoma Walmart where the shopping carts are kept. It was raining at the time they entered the store. *Id.*, ¶ 3. When Plaintiff walked toward the shopping carts, he stepped off a traction mat, slipped, and fell to the ground. *Id.*, ¶ 4. After Plaintiff got up, he noticed the rug was saturated with water. *Id.*, ¶ 5. Plaintiff does not remember seeing any wet floor signs before he fell. *Id.*, ¶ 6. Plaintiff later learned from his doctor one of the bones in his ankle was fractured from the fall. *Id.*, ¶ 4.

Plaintiff's slip and fall was captured on surveillance video. Dkt. 14, Silverman Decl., Ex. C. The video shows Plaintiff entered the vestibule through the exit doors, walked off the exit-side traction mat, and passed two bright orange wet floor caution cones on posts and a bright yellow A-frame warning sign on the floor (each displaying the words "Wet Floor" and "Caution" and a picture of a person slipping and falling). Plaintiff continued walking on to and off a second traction mat, and then slipped and fell in the area between the second traction mat and the shopping carts. Plaintiff took approximately four steps past the bright yellow and bright orange warning signs and approximately two steps off the second mat before he fell. *See also*, Dkt. 16 at 2:7 (Plaintiff "walked past a 'wet floor' [sign]"). There were no warning signs or cones by the shopping carts where Plaintiff fell. A Walmart employee mopped the area after Plaintiff's fall. Dkt. 14, Ex. C.

MOTIONS TO STRIKE AND TO EXCLUDE EXHIBITS

1. <u>Declaration of Attorney Silverman</u>

Plaintiff moves to strike the Declaration of Eddy Silverman and attachments (video and photographs) on the grounds Mr. Silverman lacks personal knowledge and therefore, cannot

ORDER DENYING WALMART INC.'S
MOTION FOR SUMMARY JUDGMENT - 2

authenticate the video and photographs. Dkt. 16 p. 6.

In ruling on a motion for summary judgment, the court may not consider unauthenticated exhibits. *See Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987); Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). While "[a]n attorney may submit a declaration as evidence to a motion for summary judgment", the declaration must be made on personal knowledge and the attorney must be competent to testify to the matters stated therein. *Clark v. Cty. of Tulare*, 755 F. Supp. 2d 1075, 1083 (E.D. Cal. 2010); Fed. R. Civ. P. 56(c)(4).

In its reply, Walmart submitted the Declaration of Mary Jensen, Store Manager of the Tacoma Walmart, who has knowledge to properly authenticate the video and photographs. Dkt. 21, Ex. C. The Court considers the cured declaration for purposes of authentication of the surveillance video and photographs.

Plaintiff also moves to exclude Exhibit B, photographs taken of the scene after his fall, on the grounds they are not relevant and are evidence of subsequent remedial measures. The Court has not considered any post-incident evidence in determining this motion.

2.      Plaintiff's Expert Report

Walmart moves to strike the report of Plaintiff's expert, Levi Dixon, for lack of foundation. Rule 702 imposes a special "gatekeeping" obligation upon trial courts to ensure expert testimony is "not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Where an expert witness' "factual basis, data, principles, methods, or their application are called sufficiently into question ... the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of the

ORDER DENYING WALMART INC.'S
MOTION FOR SUMMARY JUDGMENT - 3

relevant discipline." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (citing *Daubert*, 509 U.S. at 592). "The proponent of the expert testimony has the burden of establishing Rule 702's admissibility requirements by a preponderance of the evidence." *Novalogic, Inc. v. Activision Blizzard*, 41 F. Supp. 3d 885, 895 (C.D. Cal. 2013).

Mr. Dixon bases his opinions on a review of Walmart's surveillance video, discovery responses, and a discussion with Plaintiff. Dkt. 18, pp. 10-11. Mr. Dixon did not inspect the flooring in the Tacoma Walmart but bases his opinion on a slip resistance measurement from another Walmart "in Western Washington." *Id.*, p. 13. Because Mr. Dixon did not perform a site inspection or perform any slip resistance measurements or human factors testing at the Tacoma Walmart, the Court finds Mr. Dixon's report and testimony are inadmissible because they lack foundation and do not appear to be based on any discernable methodology. Mr. Dixon's comments on the contents of the video are also not helpful as the video is available for the Court to review and analyze.

## STANDARD OF REVIEW

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must initially demonstrate the absence of any genuine issue of material fact for trial, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), after which the burden shifts to the opposing party to identify specific material facts that are genuinely disputed, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Courts assessing a summary judgment motion view the facts and draw reasonable inferences in favor of the non-movant. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A factual dispute must be genuine and not "blatantly contradicted by the record, so that no reasonable jury

could believe it." *Id*. at 380. Mere assertions in legal papers cannot create a genuine dispute. *S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co*., 690 F.2d 1235, 1238 (9th Cir. 1982). There must be evidence on which the jury could reasonably rely to find for the non-movant. *Liberty Lobby*, 477 U.S. at 252.

## DISCUSSION

In a negligence action, the plaintiff must prove the existence of a duty, breach of that duty, resulting injury, and proximate cause. *Tincani v. Inland Empire Zoological Soc'y*, 875 P.2d 621 (1994). "Negligence is generally a question of fact for the jury and should be decided as a matter of law only 'in the clearest of cases and when reasonable minds could not have differed in their interpretation' of the facts." *Bodin v. City of Stanwood*, 927 P.2d 240 (1996) (quoting *Young v. Caravan Corp*., 672 P.2d 1267 (1983)). For negligence claims based on premises liability, Washington has adopted the standards set forth in the Restatement (Second) of Torts, sections 343 and 343A (1965):

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and
>
> (c) fails to exercise reasonable care to protect them against the danger.

RESTATEMENT (SECOND) OF TORTS §343 (1965); *Iwai v. State*, 915 P.2d 1089 (1996).

Generally, a business owner is liable to an invitee for an unsafe condition on the premises if the condition was caused by the proprietor or his employees, or the proprietor had actual or constructive notice of the unsafe condition. *Fredrickson v. Bertolino's Tacoma, Inc*., 131 Wash.App. 183, 189, 127 P.3d 5 (2005), *review denied*, 157 Wash.2d 1026, 142 P.3d 608

ORDER DENYING WALMART INC.'S
MOTION FOR SUMMARY JUDGMENT - 5

(2006). Actual notice is the same as "knowing" the condition exists. Constructive notice arises where the condition has existed for such time as would have afforded the proprietor sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger. *Ingersoll v. DeBartolo, Inc.*, 123 Wash.2d 649, 652, 869 P.2d 1014 (1994). An invitee is not required to prove actual or constructive notice of the hazardous condition, if the "nature of the proprietor's business and his methods of operation are such that the existence of [the] unsafe condition[ ] on the premises is reasonably foreseeable." *Johnson v. Wash. Liquor & Cannabis Bd.*, 187 Wn.2d 605, 622, 486 P.3d 125 (2021) (quoting *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 666 P.2d 888 (1983)).

In this case, notice and foreseeability are not in dispute. *See* Dkt. 20, p. 5 ("Walmart would readily admit that the store was on notice of potentially, wet, slippery conditions in the vestibule area on a rainy December day in Tacoma.") Walmart was aware of the potential presence of rainwater being tracked inside by shopping carts, customers, and umbrellas, as it had placed cautionary signs and traction mats on the floor "at least an hour prior" to the time Plaintiff entered the store. Dkt. 16 at 8:8-9 ("[W]almart had a wet floor sign and floor mats for over one before Mr. Jimenez fell.").

The issue is whether Walmart failed to exercise reasonable care to protect Plaintiff against the danger of slipping. Although Plaintiff does not remember seeing any wet floor signs prior to his fall, it is undisputed Walmart had placed caution signs, and Plaintiff walked past them. The presence of the caution signs suggests the risk of slipping was open and obvious. *See e.g.*, *Helm v. Lowe's Home Centers, LLC*, Case No. C16-5823 BHS, 2017 WL 2081077, at *3 (W.D. Wash. May 15, 2017) (finding bright yellow cone to be "an open and obvious warning marker"). *See also*, *Powers v. Walmart, Inc.*, 2019 WL 7037396, *1 (Where Plaintiff saw the

ORDER DENYING WALMART INC.'S
MOTION FOR SUMMARY JUDGMENT - 6

bright orange cone before falling no more than two feet away, the danger was open and obvious.)

Thus, for Plaintiff's claim to survive, he must provide sufficient evidence to create a genuine issue of material fact regarding whether Walmart "should anticipate the harm despite such knowledge or obviousness." RESTATEMENT (SECOND) OF TORTS § 343A, comment f (1965). Plaintiff must establish the existence of an unsafe condition. *Watters v. Aberdeen Recreation, Inc.*, 75 Wn. App. 710, 714, 879 P.2d 337 (1994). Under Washington case law, the mere presence of some level of water on a floor and the fact of a slip are insufficient on their own to establish the existence of an unsafe condition. *Brant v. Market Basket Stores, Inc.*, 72 Wn.2d 446, 448, 433 P.2d 863 (1967); *Merrick v. Sears, Roebuck & Co.*, 67 Wn.2d 426, 429-30, 407 P.2d 960 (1965). Rather, a plaintiff must further produce evidence "that water would render such a floor, as then and there existed, slippery or dangerous." *Brant*, 72 Wn.2d at 448. "It is thus possible, under the rule adopted today, that it could be reasonably foreseeable that the floor could become unreasonably dangerous through being wet and slippery, but, at the same time, there might not be proof that the floor was unreasonably dangerous in a particular instance." *Id*. at 451.

While there is little evidence as to the nature of the flooring in the vestibule, there is substantial evidence of the potentially dangerous and slippery nature of the vestibule floor. Walmart required its employees to "clean up spills, debris and slip and trip hazards immediately"; "maintain floor mats in areas where liquids can cause a slip and fall hazard such as in … the vestibule"; and "be aware of the weather forecast" as "there are many challenges in floor care safety due to weather conditions." Dkt. 16, p. 8. On the rainy day in question, Walmart placed several traction mats and cautionary signs in the vestibule – all of which indicates Walmart considered the vestibule floor as presenting a potentially dangerous and slippery condition when wet.

ORDER DENYING WALMART INC.'S
MOTION FOR SUMMARY JUDGMENT - 7

The surveillance tape shows Plaintiff entered the vestibule through the exit doors, walked off the exit-side traction mat, and after passing the orange and yellow cautionary signs, walked on to and off a second traction mat, which was saturated with water, into the area on the other side of the traction mat, that did not have warning signs, where the shopping carts were parked.

Because the Court must view the evidence in the light most favorable to Plaintiff, it cannot be said, as a matter of law, that Walmart discharged its duty by placing mats and warning signs by and near the doors of the vestibule. Here, Plaintiff walked past warning signs but did not fall in that area. Rather, after walking past the area where the warning signs were placed, he continued walking onto a traction mat that was saturated with water and onto the area immediately before the shopping carts where he fell. In the area where Plaintiff fell, between the last traction mat and the shopping carts, there were no warning signs that the flooring was slippery. On these facts, the determination of whether placement of the cones discharged Walmart's obligation to Plaintiff, as its invitee, and whether the location of the cones warned, or failed to warn Plaintiff that the area in front of the carts was also dangerous, are facts in material dispute which must be left to the trier of fact.

Accordingly, it is **ORDERED** Defendant's motion for summary judgment (Dkt. 13) is **DENIED**.

DATED this 15th day of February, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge